UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| SARAH MOORE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| KOHL'S CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

SARAH MOORE ("Plaintiff"), through her attorneys, alleges the following against KOHL'S CORPORATION ("Defendant"):

### Nature of the Action

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Wisconsin consumer act--debt collection ("Wisconsin Consumer Act") Wis. Stat. Ann. § 427.101-105.

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227.

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act

4. Venue is proper pursuant to 28 U.S.C § 1391(b) because Defendant resides in this District and the conduct giving rise to this action occurred in this District.

## Parties

5. Plaintiff is a natural person residing in Sioux City, Iowa and is otherwise *sui juris*.

6. Defendant is a business entity with headquarters located in Menomonee Falls, Wisconsin.

7. Defendant is a "debt collector" as that term is defined by Wis. Stat. § 427.103(3).

8. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Factual Allegations

9. Defendant placed telephone calls to Plaintiff in connection with its attempts to collect payments for purchases made on credit issued by Defendant which were allegedly past due.

10. These purchases were for personal, family, and/or household purposes and were consumer transactions.

11. Defendant placed its collection calls to telephone number (712) 212-39XX.

12. Telephone number (712) 212-39XX is assigned to a cellular telephone service.

13. Plaintiff is the user of telephone number (712) 212-39XX.

14. Defendant placed collection calls to Plaintiff from phone numbers.

15. Upon information and good faith belief, based on the frequency, nature, number, character, and Defendant's statements, these collection calls were placed with an automatic telephone dialing system and/or an artificial or prerecorded voice.

16. These collection calls were not for emergency purposes.

17. Defendant never received Plaintiff's prior express consent to call her cell phone using an automatic telephone dialing system or an artificial or prerecorded voice.

18. On or about February 18, 2020, Plaintiff called Defendant at phone number (262) 704-9780 and spoke with one of Defendant's employees.

19. During this conversation, Plaintiff provided Defendant with her social phone number and date of birth to assist Defendant in identifying her account.

20. During this conversation, Plaintiff asked Defendant to stop calling cellular phone and provided that phone number for Defendant.

21. Defendant responded "of course," confirmed the phone number, and informed Plaintiff that her request not to be called was updated on her account.

22. Defendant did not have Plaintiff's consent to call her cell phone using an automatic telephone dialing system or an artificial or prerecorded voice after this conversation.

23. Despite the aforementioned, Defendant continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place collection calls to Plaintiff's cellular telephone after February 18, 2020.

24. Defendant continued these collection calls through April 8, 2020.

25. During this period, Defendant placed at least one hundred (100) collection calls to Plaintiff's cell phone.

26. Defendant placed up to five (5) collection calls to Plaintiff in a single day during this time period.

27. Defendant did not have Plaintiff's express consent to place these collection calls.

28. Defendants knew that it did not have Plaintiff's express consent to place these collection calls.

29. Defendants voluntarily, knowingly, and/or willfully placed these collection calls

30. Plaintiff felt annoyed and harassed by Defendant's repeated collection calls to her cell phone which continued despite her clear request to Defendant to stop placing these collection calls.

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

34. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**Knowing / Willful Violations of the Telephone Consumer Protection Act**

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### Violation of the Wisconsin Consumer Act

39. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

40. The foregoing actions committed by Defendant is "debt collection" as that term is defined by Wis. Stat. § 427.103(2).

41. Defendant violated the Wisconsin Consumer Act based on the following:

    a. § 427.104(1)(g) by communicating with Plaintiff with such frequency or in such a manner as can reasonably be expected to threaten or harass Plaintiff;

    b. § 427.104(1)(h) by engaging in conduct which can reasonably be expected to harass Plaintiff.

42. Violation of the Wisconsin Consumer Act entitles Plaintiff to recover actual damages and the penalty provided in section 425.304. Wis. Stat. § 427.105(1).

43. Plaintiff suffered actual damages as a direct and proximate result of Defendant's collection calls.

### Claim For Relief

WHEREFORE, Plaintiff, SARAH MOORE, respectfully requests judgment be entered against Defendant, KOHL'S CORPORATION, for the following:

44. Statutory damages of $500.00 for each and every one of the negligent violations of the TCPA;

45. Statutory damages of $1,500.00 for each and knowing and/or willful violation of TCPA;

46. Statutory damages of $1,000.00 pursuant to Wis. Stat. § 425.304.

47. Actual damages to be determined at trial for the underlying violations of Wisconsin Consumer Act;

48. Any other relief that this Honorable Court deems appropriate.

## **JURY TRIAL DEMAND**

49. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 8, 2020

/s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
AdamH@jlohman.com

Attorneys for Plaintiff, SARAH MOORE